COVINGTON & BURLING LLP
ANITA F. STORK (State Bar No. 142265)
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: astork@cov.com

LINKLATERS LLP
JAMES R. WARNOT, JR. (*Pro hac vice*)
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: james.warnot@linklaters.com

Attorneys for Defendants Polaroid Eyewear,
U.S., LLC, Safilo America, Inc., Safilo USA,
Inc., and Safilo Group S.p.A.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

----------------------------------------x

MEI 3D, LLC,

               Plaintiffs,

     v.

POLAROID EYEWEAR U.S., LLC, SAFILO
AMERICA, INC., SAFILO USA, INC.,
SAFILO GROUP S.P.A., and DOES 1-5,
INCLUSIVE,

               Defendants.

----------------------------------------x

Case No. CV 12-01321 LHK

DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR PATENT
INFRINGEMENT

        Defendants Polaroid Eyewear, U.S., LLC ("Polaroid"), Safilo America, Inc. ("Safilo America"), Safilo USA, Inc., and Safilo Group S.p.A. (together, "Defendants"), through their undersigned counsel, hereby answer and submit the following defenses in response to

Plaintiff's First Amended Complaint for Patent Infringement, dated April 6, 2012 (the "Complaint").

### NATURE OF THE ACTION

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

### PARTIES

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny them.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint, except admit that Polaroid was acquired by Safilo S.p.A. on April 3, 2012, that Polaroid produces certain 3D glasses, and that the www.safilo.com website contains a link to the www.polaroideyewear.com website.

5. Defendants deny the allegations in the first two sentences of Paragraph 5 of the Complaint, except admit that Safilo Group S.p.A. is organized under Italian law. Defendants admit the allegations in the third sentence of Paragraph 5 of the Complaint. Defendants deny the allegations in the fourth sentence of Paragraph 5 of the Complaint, except admit that Safilo America is a Delaware corporation. Defendants admit the allegations in the fifth sentence of Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny them.

### JURISDICTION

7. Defendants admit that Plaintiff purports to bring this action under the patent laws of the United States and Title 35 of the United States Code and that this Court has subject matter jurisdiction over such claims, but deny that the relief sought in Paragraph 7 of the Complaint is appropriate or available. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

## VENUE

8. Defendants make no response to Paragraph 8 of the Complaint because it states a legal conclusion as to which no response is required; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 8 of the Complaint.

## THE PATENTS

9. Defendants deny the allegations in Paragraph 9 of the Complaint in that the paragraph comprises Plaintiff's purported characterization of United States Patent No. 7,854,506 (the "'506 patent") entitled "Curved Lenses Configured to Decode Three-Dimensional Content on Television and Computer Screens" and a reexamination certificate rather than a factual allegation, and respectfully refer the Court to the '506 patent and reexamination certificate for their full content and meaning.

10. Defendants deny the allegations in Paragraph 10 of the Complaint in that the paragraph comprises Plaintiff's purported characterization of United States Patent No. 8,100,525 (the "'525 patent") entitled "Curved Lenses Configured to Decode Three-Dimensional Content on Television and Computer Screens" rather than a factual allegation, and respectfully refer the Court to the '525 patent for its full content and meaning.

11. Defendants deny the allegations in the first sentence of Paragraph 11 of the Complaint in that it comprises Plaintiff's purported characterization of a letter from Plaintiff to Polaroid rather than a factual allegation, and respectfully refer the Court to the letter for its full content and meaning. Defendants deny the second sentence of Paragraph 11 of the Complaint.

## THE ACCUSED PRODUCTS

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except admit that Polaroid offers for sale a line of "Polaroid Premium 3D Glasses" as described on the website http://www.polaroideyewear.com/en/Collection/Premium3DGlasses.aspx, and that Safilo S.p.A. acquired Polaroid on April 3, 2012.

## DEFENDANTS' WILLFUL INFRINGEMENT

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in the first two sentences of Paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of those allegations as they relate to any other party and therefore deny them.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in in Paragraph 14 of the Complaint and therefore deny them, and respectfully refer the Court to assignment records filed with the United States Patent and Trademark Office at Reel/Frame: 027378/0355 for their true content and meaning.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

**FIRST CLAIM FOR RELIEF**

16. In response to Paragraph 16 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-15.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

**SECOND CLAIM FOR RELIEF**

21. In response to Paragraph 21 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-15.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

The Prayer for Relief contains no factual allegations and therefore no response by Defendants is required; however, to the extent that a response is required, Defendants deny the allegations in the Prayer for Relief and deny that the relief sought by Plaintiff is appropriate or available.

## DEMAND FOR JURY TRIAL

This Paragraph contains no factual allegations and therefore no response by Defendants is required.

## GENERAL DENIAL

To the extent not specifically admitted above, including but not limited to every instance in which Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations, Defendants deny all allegations of the Complaint, including all headings or sub-headings to the extent they may be deemed allegations.

## DEFENSES

Without assuming any burden of proof that they would otherwise not bear under applicable law, Defendants assert the following defenses to each and every cause of action alleged in the Complaint. Defendants hereby reserve the right to amend or supplement their Answer and to assert any other defenses as and if they become available.

## FIRST DEFENSE

Defendants do not infringe and have not infringed, either directly, contributorily, or by inducement, any valid claim of the '506 or '525 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

The claims of the '506 and the '525 patent are invalid for failure to satisfy one or more of the requirements of Sections 102, 103, and 112 of Title 35 of the United States Code.

## THIRD DEFENSE

The claims of the '506 and '525 patents are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution history estoppel.

## FOURTH DEFENSE

The claims of the '506 and '525 patents are unenforceable due to unclean hands.

## FIFTH DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action.

## SIXTH DEFENSE

Plaintiff lacks standing to bring this suit with respect to the '506 patent because, as shown on the face of the '506 patent, Plaintiff is not the assignee of the patent.

## SEVENTH DEFENSE

The Complaint fails to allege willful infringement with sufficient specificity.

**WHEREFORE**, Plaintiff should take nothing by its Complaint; its Complaint should be dismissed with prejudice; and the Court should order any relief appropriate in favor of Defendants, including attorneys' fees and court hearing costs incurred herein.

Dated:      June 29, 2012

Respectfully submitted,

COVINGTON & BURLING LLP

By:   */s/ Anita F. Stork*
       ANITA F. STORK

One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: astork@cov.com

LINKLATERS LLP
JAMES R. WARNOT, JR.
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Email: james.warnot@linklaters.com

Attorneys for Defendants Polaroid Eyewear, U.S., LLC, Safilo America, Inc., Safilo USA, Inc., and Safilo Group S.p.A.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Case No. CV-12-01321 LHK